No. 25-20155

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

United States of America,
*Plaintiff – Appellee,*

v.

Antonio Ramirez-Ramirez
*Defendant – Appellant.*

_____

On Appeal from the United States District Court
For the Southern District of Texas, Houston Division
No. 4:23-CR-565-1; Hon. David Hittner, Judge Presiding

**<u>REPLY BRIEF FOR APPELLANT
ANTONIO RAMIREZ-RAMIREZ</u>**

_____

FEDERICO ANDINO REYNAL
The Reynal Law Firm, P.C.
917 Franklin, 6th Floor
Houston, Texas. 77002
Phone: (713) 228-5900
areynal@frlaw.us

*Attorney for Appellant
Antonio Ramirez-Ramirez*

i

# **TABLE OF CONTENTS**

TABLE OF CONTENTS .................................................................................... i

TABLE OF AUTHORITIES ............................................................................. ii

ARGUMENT

I.    REPLY TO GOVERNMENT'S ARGUMENTS OPPOSING APPELLANT'S FIRST POINT URGING CONSTITUTIONAL ERROR IN THE ADMISSION OF INCORRECT AND PREJUDICIAL TRANSLATIONS. .............. 1

II.   REPLY TO GOVERNMENT'S RESPONSE TO SECOND POINT ASSERTING ERROR FOR APPLYING A § 2D1.1(b)(2) THREAT ENHANCEMENT FOR ACQUITTED CONDUCT. .............. 3

III.  REPLY TO GOVERNMENT'S ARGUMENT TO APPELLANT'S THIRD POINT OF ERROR REGARDING THE § 2D1.1(b)(1) WEAPON ENHANCEMENT. .............. 5

CONCLUSION .................................................................................................. 7

CERTIFICATE OF SERVICE ........................................................................... 8

CERTIFICATE OF COMPLIANCE .................................................................. 9

# **TABLE OF AUTHORITIES**

Cases

*Bullcoming v. New Mexico*, 564 U.S. 647 (2011).                1

*Crawford v. Washington*, 541 U.S. 36 (2004).                   1

*Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009).          1

*United States v. Castro*, 159 F.4th 955 (5th Cir. 2025).       6


United States Sentencing Guidelines

U.S.S.G. §1B1.3.                                                3

U.S.S.G. § 2D1.1(b)(1).                                         5

U.S.S.G. § 2D1.1(b)(2).                                         3

# ARGUMENT

**I.  REPLY TO GOVERNMENT'S ARGUMENTS OPPOSING APPELLANT'S FIRST POINT URGING CONSTITUTIONAL ERROR IN THE ADMISSION OF INCORRECT AND PREJUDICIAL TRANSLATIONS.**

Mr. Ramirez-Ramirez's Confrontation Clause rights were violated when written English language translations, purportedly prepared by a DEA linguist, of recorded Spanish language communications were introduced in evidence over Mr. Ramirez-Ramirez's repeated objections that he was being denied his right to cross-examine the DEA linguist.

The Government first attempts to sidestep this constitutional violation by arguing the outdated "language conduit" theory.  As asserted in Mr. Ramirez-Ramirez's opening brief, the "language conduit" exception to the Confrontation Clause was overruled by the Supreme Court's decisions in *Crawford*[1], *Bullcoming*[2] and *Melendez-Diaz*[3].  *Appellant's Brief at 14-15*.

The Government next attempts to cure this Constitutional violation by arguing that, later in the trial, a CI from the Dominican Republic stated he had reviewed the transcripts and found them accurate.  *Gov't Brief at 21*.  The

---

[1] *Crawford v. Washington*, 541 U.S. 36 (2004).
[2] *Bullcoming v. New Mexico*, 564 U.S. 36 (2011).
[3] *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009).

1

government's position suffers from several infirmities. First, the written transcripts were not admitted during the Dominican CI's testimony; they were admitted earlier in the trial during the testimony of DEA TFO Emmerson. ROA.1010. Second, even if the transcripts had been introduced during the CI's testimony, the Government made clear to the jury that the transcripts were prepared by a DEA linguist, lending them an imprimatur of credibility that Mr. Ramirez-Ramirez was prevented from attacking through cross-examination of the linguist who was not presented at trial. ROA.1009. Finally, even when the CI testified that he disagreed with the accuracy of the translations ROA.1139, 1318), the Government still urged in its closing argument that the jury adopt the meaning ascribed to Mr. Ramirez Ramirez's statements by the DEA linguist rather than the CI. ROA.1712, 1755-7, 1763.

The most glaring inaccuracy relates to the Government's translation of Appellant's statement when he called the CI on May 15, 2023. The Government's written translation states that Mr. Ramirez-Ramirez said: "It's that I feel bad, man because I was the one that set it up. Oh, damn!". However, when the recording was played for the CI in court, the CI testified that he did not hear Appellant say "I set it up" ROA.1318. Similarly, Mr. Ramirez-Ramirez's expert, agreed that Mr. Ramirez-Ramirez never said, "I set it up." ROA.1589-1590. Nevertheless, the government argued in closing:

2

> This is the Government's interpretation of what that was said. And you also heard it from the person who was part of that phone call, which was [the CI]. That the Defendant said, "I feel bad because *I was the one who set it up*." Again, this is consciousness of guilt. And they even talk about trying to get his brother out of jail later on in the phone call. I submit to you that the second element, the unlawful purpose of the agreement, is met in the conspiracy.

ROA.1712 (emphasis added).

Finally, the Government's argument that the written translations were properly introduced through the CI's testimony also sidesteps the requirements of Federal Rule of Evidence 702 and citations to various federal cases acknowledging the expertise required of interpreters/translators. *Appellant's Opening Brief at 18*.

Accordingly, Appellant's conviction should be reversed and remanded for a new trial.

## II. REPLY TO GOVERNMENT'S RESPONSE TO SECOND POINT ASSERTING ERROR FOR APPLYING A § 2D1.1(b)(2) THREAT ENHANCEMENT FOR ACQUITTED CONDUCT.

Mr. Ramirez-Ramirez was acquitted of assaulting a federal agent with a firearm on February 6, 2024 and of brandishing a firearm during a crime of violence on February 6, 2024. ROA.389-393. Acquitted conduct ought not be considered in calculating a defendant's guideline range. U.S. Sentencing Comm'n, Amendments to the Sentencing Guidelines (Apr. 30, 2024) (amended § 1B1.3: "Acquitted Conduct. — Relevant conduct does not include conduct for

3

which the defendant was criminally charged and acquitted in federal court, unless such conduct also establishes, in whole or in part, the instant offense of conviction").

Nevertheless, the Government argues that Mr. Ramirez-Ramirez properly received a two-point enhancement for making a credible threat to use violence because he brandished a firearm at the law enforcement officers who were attempting to arrest him. *Gov't Brief at 32*.

Although Mr. Ramirez-Ramirez was found guilty of the offenses of drug conspiracy and alien in possession of a firearm, Mr. Ramirez-Ramirez's "conduct" on February 6, 2024, did not establish, "in whole or in part" either of the convicted offenses. The drug conspiracy ran from March, 2023 through May, 2023, concluding nine months before the date when Mr. Ramirez-Ramirez's arrest warrant was served on February 6, 2024, and there is no evidence that Mr. Ramirez-Ramirez possessed a firearm during the drug conspiracy. Further, the Government's alleged relevant conduct had nothing to do with establishing the alien in possession of a firearm conviction.

Accordingly, Mr. Ramirez-Ramirez's sentence should be vacated and remanded with instructions that U.S.S.G. § 2D1.1(b)(2) is inapplicable under the facts of this case.

### III. REPLY TO GOVERNMENT'S ARGUMENT TO APPELLANT'S THIRD POINT OF ERROR REGARDING THE § 2D1.1(b)(1) WEAPON ENHANCEMENT.

The only evidence of a spatial nexus between Mr. Ramirez-Ramirez's firearm and drug trafficking that the Government can conjure to justify the two-point enhancement is the fact that cash, wrapped in saran wrap, was found in Appellant's bedroom. *Gov't Brief at 29*.

Despite the perfectly reasonable explanation offered by Mr. Ramirez-Ramirez for the presence of cash[4] in his home (his ownership of a restaurant and a desire to keep cash on hand sufficient to pay operating expenses for a month or two in case a COVID like shutdown), the Government suggests that the presence of cash alone is sufficient to justify the two level enhancement. ROA.924, 1516, 1522.

In response, Mr. Ramirez-Ramirez points to the fact that months of surveillance by law enforcement yielded no evidence of drug trafficking after the arrest of Mr. Ramirez-Ramirez's brother and that the drug trafficking conspiracy Mr. Ramirez-Ramirez was convicted of did not involve any amount of cash that actually changed hands. Finally, other than the cash, for which

---

[4] The manner in which the cash was wrapped in the instant case was consistent with storing cash for a small restaurant. In contrast, cash from drug trafficking activities is typically shrink-wrapped, making the cash more compact and easier to transport or conceal. ROA.1331.

5

there was an innocent explanation, officers found no drugs, ledgers, paraphernalia, or extra cell phones. ROA.967.

In support of the argument that the enhancement was properly applied, the Government relies on *United States v. Castro*, 159 F.4th 955, 2025 WL 3275604 (5th Cir. 2025). *Gov't Brief at 30*. However, *Casto* is readily distinguished from the case of Mr. Ramirez-Ramirez. In Castro's case, law enforcement searched his apartment and found currency, jewelry, and a gold-plated handgun. *Id*. at 957. In contrast to Mr. Ramirez-Ramirez, who went to trial, *Castro* pleaded guilty to drug conspiracy and admitted that valuables found in his apartment were drug proceeds; that he possessed the handgun; and that he used the apartment to conduct drug trafficking activities. *Id.* Mr. Ramirez-Ramirez made no such admissions.

Accordingly, Mr. Ramirez-Ramirez's sentence should be vacated and remanded with instructions that U.S.S.G. § 2D1.1(b)(2) is inapplicable under the facts of this case.

## **CONCLUSION**

Because the district court erred in admitting the Government's English translations of Spanish communications into evidence, Mr. Ramirez-Ramirez's conviction and sentence should be reversed.

Alternatively, because the district court erred in imposing enhancements pursuant to sections U.S.S.G. § 2D1.1(b)(2) and U.S.S.G. § 2D1.1(b)(1), this Court should remand Mr. Ramirez-Ramirez's case for resentencing.

Respectfully submitted,

/s/F. Andino Reynal
F. ANDINO REYNAL
The Reynal Law Firm, P.C.
917 Franklin, 6th Floor
Houston, Texas. 77002
Phone: (713) 228-5900
areynal@frlaw.us

*Attorney for Appellant*
*Antonio Ramirez-Ramirez*

## CERTIFICATE OF SERVICE

I certify that on January 23, 2026, the foregoing Reply Brief for Appellant was served, via the Court's CM/ECF Document Filing System on all counsel of record.

/s/ F. Andino Reynal
F. Andino Reynal

## CERTIFICATE OF SERVICE TO APPELLANT

I certify that one copy of the Brief of Appellant was served on Antonio Ramirez-Ramirez, Register Number 98434-510, on the same date at the address below:

Antonio Ramirez-Ramirez, Reg. No. 98434-510
FCI Oxford
Federal Correctional Institution
P.O. Box 1000
Oxford, WI. 53952

/s/ F. Andino Reynal
F. Andino Reynal

# **CERTIFICATE OF COMPLIANCE**

1.  This brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) because this brief contains 1253 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Office Word for Mac in a 14-Point Cambria font for text and a Cambria 12-point font for footnotes.

3.  This reply brief was filed electronically, in native Portable Document File (PDF) format, via the Fifth Circuit's CM/ECF system.

Date: January 23, 2026

/s/ F. Andino Reynal
F. Andino Reynal
