THE REYNAL LAW FIRM, PC

July 31, 2026

**VIA CM/ECF**

Lyle W. Cayce
Clerk of the Court
United States Court of Appeals
 For the Fifth Circuit
600 S. Maestri Place, Suite 115
New Orleans, LA 70130-3408

> RE:  *United States v. Ramirez-Ramirez*, No. 25-20155 (5th Cir.)
> Oral Argument on August 6, 2026.
>
> Appellant's Letter Advising of Recent Authority

Dear Mr. Cayce:

The letter is filed on behalf of Antonio Ramirez-Ramirez to advise the Court of a recent case, *United States v. Schneider*, 178 F.4th 437 (8th Cir. 2026), relevant to Appellant's second point of error.

In *Schneider*, the Eighth Circuit found that that the district court's consideration of acquitted conduct in imposing a sentencing enhancement constituted error that affected Schneider's substantial rights, vacated his sentence, and remanded for resentencing. *Id.* at 442-43.

**Schneider Case**

A jury found Schneider not guilty of forcibly resisting a federal officer with a revolver, guilty of simple assault, and guilty of felon in possession of a firearm. *Id.* at 441.

At Schneider's sentencing, which took place after USSG § 1B1.3(c), was amended, the court applied a 4-level enhancement pursuant to USSG § 2k2.1(b)(6)(B) (2024) (amended 2025) for "possess[ing] any firearm or ammunition in connection with another felony offense". *Id.* at 441-42. With a Guidelines range of 151 to 188 months imprisonment, the court imposed a 151-month sentence for the felon-in-possession conviction and a consecutive 12-month sentence for simple assault. *Id.* at 441.

*Page 2 of 2 (Ramirez-Ramirez)*

On appeal, the Government conceded that the district court plainly erred when it considered acquitted conduct and applied the 4-level enhancement." *Id.* at 442-43. Further, the Court held that the error affected Schneider's substantial rights. Without the enhancement, the Guidelines range would have been 110 to 137 months, and there was a reasonable probability that the court would have imposed a lesser total sentence. *Id.* at 442.

**Application of *Schneider***

Appellant alleges that the court erred when it applied a two-point enhancement based on acquitted conduct for a Guidelines range to 188 to 235 months. *Appellant's brief at 22-25.* Without the enhancement, the range was 151 to 188 months. Like *Schneider*, there is a probability that the district court would have imposed a lesser sentence had it known that the lower range was appropriate. Appellant's sentence should be vacated and his case remanded.

Sincerely,


/s/F. Andino Reynal
F. Andino Reynal
Counsel for Appellant, Antonio Ramirez-Ramirez

Cc:   Kristian D. Amundsen, Via CM/ECF
      Carmen Mitchell Castillo, VIA CM/ECF