

**U.S. Department of Justice**
United States Attorney
Southern District of Texas

---

*1000 Louisiana Street, Suite 2300*          *Telephone: (713) 567-9363*
*Houston, Texas 77002*                       *Fax: (713) 718-3302*

July 31, 2026

The Hon. Lyle W. Cayce, Clerk
United States Court of Appeals
for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

  Re: *United States v. Ramirez-Ramirez,* No. 25-20155 – Fed. R. App.
    P. 28(j) material

Dear Mr. Cayce:

  This letter notifies this Court of relevant authority discovered after the briefs in this case were filed and to advise that the United States is no longer seeking affirmance based on one of the arguments raised in its brief.

  In *United States v. Tercier*, 835 F. App'x 471 (11th Cir. 2020) (unpublished), the Eleventh Circuit held that the admission of Creole-to-English translated wiretap transcripts without testimony from the translator did not violate the Confrontation Clause because a law enforcement officer, who was not a participant in the wiretap calls, testified that the officer independently reviewed and verified the accuracy of the transcripts and was subject to cross examination. *Id.* at 482-83. Relying on *United States v. Curbelo*, 726 F.3d 1260 (11th Cir. 2013), the Eleventh Circuit held that "[w]hen an individual who independently reviewed the underlying recordings and transcripts for accuracy is subject to cross-examination . . . the Confrontation Clause is not violated." *Tercier*, 835 F. App'x at 482. *Tercier* reinforces the argument that the translated transcripts of recorded phone calls admitted at Ramirez-Ramirez's trial were admissible (Appellee's Br. 21-23).

  Also, the government is no longer relying on its alternative argument that the transcripts admitted at Ramirez-Ramirez's trial were admissible because the transcriber acted as a language conduit for Ramirez-Ramirez and his brother (Appellee's Br. 21-23). Instead, the government is only pressing its arguments that: 1) the translations of the recorded phone calls are admissible under the logic of *Curbelo* and its progeny (Appellee's Br., p. 20-21, 23-24) and 2) any transcript not properly admitted is harmless (Appellee's Br. p. 25).

Respectfully submitted,

s/ *Kristian D. Amundsen*

KRISTIAN D. AMUNDSEN
Assistant United States Attorney

cc: Federico Andino Reynal, Esq., Attorney for Defendant-Appellant